## H. T. ALLEN v. STATE.

No. A-1631.   Opinion Filed February 2, 1914.

(138 Pac. 178.)

1.  **PHYSICIANS AND SURGEONS**—Practicing Without Authority—Criminal Offense.   It is a penal offense under the laws of Oklahoma for any person to practice medicine or surgery in this state without having at the time a valid unrevoked certificate.

2.  **SAME**—Ground for Reversal—Refusal of Instruction—Practicing Without Authority—Burden of Proof.   (a)   An information charging a person with the violation of that provision of the Code which penalizes persons for prescribing or administering any drug or medicine now or hereafter included in materia medica in all diseases, injuries, or deformities of human beings, must be substantiated by proof of the fact that some such drug or medicine was so prescribed or administered.

(b)   It is reversible error for a trial court to refuse to submit by proper instructions the necessary ingredients of any offense to the jury.

*Appeal from County Court, Carter County;*
*M. F. Winfrey, Judge.*

H. T. Allen was convicted of violating the medical practices act, and appeals.   Reversed.

*Champion & Champion* and *Stuart, Cruce & Gilbert,* for plaintiff in error.

*Smith C. Matson* and *C. J. Davenport,* Asst. Attys. Gen., for the State.

ARMSTRONG, P. J.   The plaintiff in error, H. T. Allen, was convicted at the January, 1912, term of the county court of Carter county on a charge of violating the medical practices

act, in that he had been guilty of practicing medicine without a license, and his punishment fixed at a fine of $100 and costs.

This prosecution was begun prior to the adoption of Rev. Laws 1910, and is based upon section 4256, Comp. Laws 1909, which is as follows:

"Any person practicing medicine and surgery in this state, without having at the time a valid unrevoked certificate as provided in this act, shall be deemed guilty of a misdemeanor and shall be fined not less than one hundred ($100.00) dollars nor more than five hundred ($500.00) dollars, or by imprisonment for a term of not less than sixty days nor more than one hundred and eighty days or both such fine and imprisonment, and each day's practice shall constitute a separate offense. All fines under the provisions of this section shall be paid into the road and bridge fund of the county wherein the conviction is secured."

Section 4259 of the same statutes provides:

"The following persons shall be deemed as practicing medicine and surgery within the meaning of this act: First. Those who prescribe or administer any drug or medicine now or hereafter included in *materia medica* in the treatment of disease, injury, or deformity of human beings."

A careful reading of the record discloses the fact that plaintiff in error had been administering certain medicines, but no witness named any drug or medicines prescribed or administered by him, nor is there any proof in the record disclosing that any drug or medicine was administered which is included in *materia medica,* as required. When the cause was submitted to the jury, the court was asked to give the following instruction:

"You are instructed, gentlemen of the jury, that the state has failed to introduce evidence sufficient to establish the guilt of the defendant as charged in the information, and I hereby advise you to return a verdict of not guilty."

This instruction was refused by the court and exceptions duly saved. The failure to give this instruction and the failure to grant a new trial are assigned as errors in this court. The instruction should have been given without doubt. The Attorney General has filed a confession in error in which he concedes that the court committed reversible error in refusing to

give this particular instruction. There are other errors complained of; but, in view of the fact that in our judgment this is fatal to the conviction, the judgment will be reversed on this ground alone. Judgment reversed, with directions for a new trial.

DOYLE and FURMAN, JJ., concur.